UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8793 CAS (PJWx) | Date | December 6, 2011 |
|---|---|---|---|
| Title | MARY-K. ERICKSON v. Q.S.P., INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| RITA SANCHEZ | N/A | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| N/A | | N/A | |

**Proceedings:** (In Chambers:) PLAINTIFF'S MOTION FOR ORDER REMANDING CASE TO STATE COURT (filed 11/14/2011)

## I.   INTRODUCTION & BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of December 12, 2011, is vacated, and the matter is hereby taken under submission.

On September 19, 2011, plaintiff Mary-K. Erickson ("plaintiff"), on behalf of herself and all others similarly situated, filed a class action complaint in Los Angeles Superior Court against Q.S.P., Inc., TI Media Solutions ("TI"), and DOES 1–100 (collectively, "defendants") alleging that defendants violated California employment laws by failing to pay employees vested vacation pay, failing to reimburse expenses, and taking illegal commission deductions. Plaintiff's complaint primarily seeks recovery of monies allegedly owed, statutory penalties pursuant to Cal. Labor Code § 203 and attorneys' fees. On October 24, 2011, defendants removed the instant action based on diversity jurisdiction, 28 U.S.C. § 1332.

On November 14, 2011, plaintiff filed her motion to remand the instant action to Los Angeles Superior Court. On November 21, 2011, defendants filed their opposition. On November 28, 2011, plaintiff filed her reply. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Removal is proper only where the federal courts have original jurisdiction over an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8793 CAS (PJWx) | Date | December 6, 2011 |
|---|---|---|---|
| Title | MARY-K. ERICKSON v. Q.S.P., INC., ET AL. | | |

action brought in state court. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), the federal courts have original jurisdiction over state law actions only where the amount in controversy exceeds $75,000 and the action is between parties of diverse citizenship. In a class action lawsuit, if at least one named plaintiff has more than the jurisdictional amount in controversy, the other class members' claims can be joined through supplemental jurisdiction. Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 559 (2005).

     A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). A party removing pursuant to 28 U.S.C. § 1332(a) has a particularly heavy burden if the plaintiff's state court complaint seeks less than the required $75,000 jurisdictional amount in controversy; in such cases, the party seeking removal must prove with "legal certainty" that the jurisdictional amount is met. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 700 (9th Cir. 2007) (citing Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 999 (9th Cir. 2007)).

### III. DISCUSSION

     Plaintiff argues that this case should be remanded to state court because defendants have not met their burden of proving that jurisdiction exists pursuant to 28 U.S.C. § 1332(a). Specifically, plaintiff argues that defendants have not proven that the $75,000 jurisdictional amount in controversy requirement is met.[1] Mot. at 1. Plaintiff contends that the state court complaint seeks less than $75,000 and states on its face that "the individual claims . . . are under the seventy-five thousand dollar ($75,000) jurisdictional threshold for Federal Court. . . ." Id.; Compl. ¶ 5. In their removal papers, defendants offered evidence that plaintiff seeks $90,946.21 in damages. Defs.' Mot. for Removal ¶ 24. This figure represents the alleged combined total of: (1) $48,800.93 for payment of

---

[1] Diversity of citizenship is not contested.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8793 CAS (PJWx) | Date | December 6, 2011 |
|---|---|---|---|
| Title | MARY-K. ERICKSON v. Q.S.P., INC., ET AL. | | |

vested vacation time; (2) $18,153.62 for reimbursement of expenses; (3) $11,584.65 for commission deductions; and (4) $12,407.01 for Cal. Labor Code § 203 penalties. Id. ¶¶ 25–28; Dowling Decl.; Bobe Decl. Though defendants specifically quantify only these "hard" figures, defendants also argue the amount in controversy is increased by: (1) attorneys' fees, which defendants allege could potentially reach 30% of the $90,946.21; (2) monetary penalties under California's Private Attorney General Act, Labor Code § 2698 et seq.; and (3) injunctive and declaratory relief. Id. ¶¶ 33–37.

Plaintiff argues that because the complaint specifically seeks less than $75,000, defendants must prove with "legal certainty" that the claim is actually worth more than the jurisdictional amount. Mot. at 3. (citing Lowdermilk, 479 F.3d at 999 (holding that a defendant must meet a higher standard of proof, "legal certainty," where plaintiff's complaint specifically alleges less than the jurisdictional amount)). Plaintiff contends that the figures cited by defendants in their removal papers have not been proven with legal certainty for three reasons. First, plaintiff argues that the Dowling and Bobe declarations merely provide conclusory statements without any supporting evidence. Mot. at 4. Second, plaintiff argues that the assertion that there is $48,800.93 in outstanding vested vacation time is flawed because (1) defendants use plaintiff's 2009–2010 earnings to calculate vacation pay for the time period between 2003 and 2008, and (2) defendants' calculations do not account for vacation days which plaintiff took during her employment. Id. at 5, Reply at 4. Finally, plaintiff argues that the estimate of attorneys' fees at 30% is speculative and such fees are likely not "reasonable." Reply at 5.

In opposition, defendants attached business records to support the Dowling and Bobe declarations. Opp'n at 9, Exhs. 1–6. Defendants contend that pursuant to Cal. Labor Code § 227.3, plaintiff's 2009–2010 earnings must be used to calculate vacation pay. Id. at 12. (citing Cal. Labor Code § 227.3 ( "all vested vacation shall be paid to him as wages at his *final* rate" at the time of termination) (emphasis added)). Defendants also emphasize the additional factors pointed to in their removal, including attorneys' fees. Id. at 17.

The Court concludes remand is appropriate here. Defendants' contention regarding the $48,800.93 allegedly sought by plaintiff for 118 days of missed vacation pay proceeds from a faulty assumption—namely, that plaintiff did not take any of her 18 vacation days in 2002–03, or her 20 vacation days for each of the years 2004, 2005, 2006,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8793 CAS (PJWx) | Date | December 6, 2011 |
|---|---|---|---|
| Title | MARY-K. ERICKSON v. Q.S.P., INC., ET AL. | | |

2007, or 2008. Contrary to defendants' assumption, however, plaintiff declared that she took all 18 vacation days in 2002–03 and at minimum five vacation days per year for the years 2004–08. Erickson Decl. ¶ 4. Because the complaint seeks recovery only for "vested" (earned but unpaid) vacation pay, many or all of the days relied upon by defendants may not be at issue here and cannot serve as a predicate for the amount in controversy. Because it is unclear the actual amount of damages plaintiff seeks, defendants have not proved to a "legal certainty" that the jurisdictional amount in controversy requirement is met. Lowdermilk, 479 F.3d at 999 (expounding that the "legal certainty" standard "guard[s] the presumption against federal jurisdiction and preserve[s] the plaintiff's prerogative, subject to the good faith requirement, to forgo a potentially larger recovery to stay in state court"). The Court is also mindful of the "strong presumption" against removal and that a plaintiff is "master of her complaint and can plead to avoid federal jurisdiction." Gaus, 980 F.2d at 566; Lowdermilk, 479 F.3d at 998–99.

## IV. CONCLUSION

In accordance with the foregoing, the Court GRANTS plaintiff's motion to remand the case to Los Angeles County Superior Court.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | RS |